FILED

APR 3 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Michael Brackett,<br><br>Plaintiff,<br><br>v.<br><br>Eric Holder, U.S. Attorney General,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 12 0683 |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is an inmate at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia, suing under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), to challenge the constitutionality of the statutes under which he was convicted. The gravamen of the complaint is that the sentencing court, the United States District Court for the Northern District of West Virginia, lacked jurisdiction over plaintiff's criminal prosecution.

Because the success of plaintiff's claim would necessarily void his conviction, plaintiff cannot recover monetary damages, which is the only available remedy under *Bivens*, without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*,



5

512 U.S. 477, 486-87 (1994); *see, e.g., Taylor v. U.S. Bd. of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Plaintiff has not shown the invalidation of his conviction and, thus, has failed to state a claim upon which relief can be granted under *Bivens*. A separate Order of dismissal accompanies this Memorandum Opinion.

Colleen Kollar-Kotelly
United States District Judge

Date: April 25th, 2012